On the Merits.
Spencer, J.
Plaintiff sues the Cotton Press Company to have herself declared owner of sixty-six shares of the stock of said company and for dividends accrued thereon. She also joins as defendants, Cohen, Miltenberger-, and others, to whom said shares had been transferred in 1853, through one P. Deverges, acting as plaintiff’s agent. This suit was filed in 1871.
The defense is a general denial, and the prescription of three and ten years.
The court below sustained the plea of prescription and rejected plaintiff’s demands. She appealed.
In this court plaintiff has filed a paper, reciting that this suit was brought by her in error — Inasmuch as she finds, from documents in the record, offered by defendants, that she had in 1867 transferred to Eugene de St. Romes her rights in a suit then pending in this court, wherein she was claiming these same shares. She therefore suggests that she has no interest in the matter, and her counsel asks that the suit be dismissed. The defendants oppose the dismissal, and demand that the case “ take its course,” as provided by article 901 C. P., which forbids the appellant withdrawing a perfected appeal without the consent of appellee. Under these circumstances, we can not permit the appeal to be withdrawn or dismissed. An appellant may undoubtedly, at any time, acquiesce in the judgment appealed from; but the effect of that acquiescence only operates to -prevent any change in the judgment, for the benefit of appellant. The court may, notwithstanding the appellant’s acquiescence, on the demand of appellee, proceed with the cause, and change or confirm the judgment for the benefit of appellee.
On the merits, there is but one question requiring decision, to wit, that of prescription. Plaintiff herself alleges, and it is proved, that Cohen and his transferees have held and possessed these shares since 1853, under a transfer from one assuming to act as her agent. Her *229 former suit, above referred to, was filed in 1861, and she did not make Cohen or those claiming under him parties. That suit, which resulted in a nonsuit, did not interrupt therefore the prescription running in their favor.
“ Shares or interests in banks and other companies of commerce or industry are considered as movables.” C. 0. 466.
Three years in good faith, except where the thing was lost or stolen, gives a prescriptive title to movables. C. C. 3472. Ten years, without title or good faith. C. C. 3475. The defendants possessed under a title, and presumably in good faith, for eighteen years before this suit was brought.
The judgment appealed from is correct, and it is affirmed.
Rehearing refused.